IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDWIN ESTRADA DELGADO

    Petitioner,

    v.                                        CIVIL NO. 96-2513 (RLA)

MANUEL MARTINEZ, WARDEN,
et al.,

    Respondent.

### ORDER DISMISSING 28 U.S.C. § 2254 PETITION
### FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Petitioner EDWIN ESTRADA DELGADO filed this lawsuit under 28 U.S.C. § 2254 seeking habeas corpus relief from his 1991 Commonwealth of Puerto Rico conviction for attempted murder and weapons violations.

Petitioner claims that he is entitled to a new trial on the basis that one of the members of the jury in his state trial intentionally failed to disclose during the *voir dire* examination that the juror knew the alleged murder victim.

### Exhaustion of Remedies

28 U.S.C. § 2254, the statute pursuant to which petitioner is seeking a writ of habeas corpus, states, where relevant, as follows:

**State custody; remedies in Federal courts**

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in

custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
    **(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that
        **(A)** the applicant has exhausted the remedies available in the courts of the State; or
        **(B)** ....
    **(2)** ....
    **(3)** ....
    **(c)** An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section if he has the right under the law of the State to raise, **by any available procedure,** the question presented. (emphasis added).

### Background

Petitioner ESTRADA DELGADO filed this habeas corpus before the federal court raising as its sole ground for relief the allegation that his conviction was obtained by a biased jury in violation of his Fifth Amendment.

ESTRADA was convicted on March 21, 1991, for first degree murder, attempted murder and weapons law violation before the Superior Court of Puerto Rico and was sentenced to concurrent sentences totaling 148.5 years of imprisonment.

Petitioner appealed his conviction to the Puerto Rico Supreme Court, filing his brief on December 9, 1991. The appeal was not seen by the Supreme Court, however, but rather by the then newly-created Circuit Court of Appeals, and it was this appellate court that decided petitioner's appeal of his conviction. The grounds raised by ESTRADA in the habeas petition before this court alleging

CIVIL NO. 96-2513 (RLA)                                                        Page 3

constitutional violations regarding the jury panel were **not** raised in the appeal of his conviction. Furthermore, although petitioner asserts in his petition that the Supreme Court of Puerto Rico affirmed his conviction, Mr. ESTRADA DELGADO in fact never appealed his conviction to the Supreme Court after it was affirmed by the Circuit Court of Appeals of the Commonwealth of Puerto Rico.

What petitioner did appeal to the Supreme Court was the Superior Court's denial of his motion for new trial pursuant to Rule 192.1 of the Puerto Rico Rules of Criminal Procedure, a motion that he filed before the sentencing court while his above-mentioned appeal was pending before the Circuit Court. His grounds for a new trial was that his conviction had been obtained by a biased jury. After a hearing where petitioner was allowed to present his evidence, the Superior Court issued its opinion on October 22, 1993, dismissing petitioner's motion for failure to provide evidence tending to establish the alleged jury violation. Thereafter, ESTRADA DELGADO sought review of the appellate decision denying his motion for new trial from the Puerto Rico Supreme Court by way of Certiorari. This motion was also denied by Puerto Rico's highest court on May 9, 1994.

"Exhaustion obligations mandate that a habeas petitioner present, or do his best to present, his federal claim to the state's highest tribunal." Adelson v. Dipaola, 131 F.3d 259, 262 (1st Cir. 1997)(citing United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17,

CIVIL NO. 96-2513 (RLA) Page 4

---

46 S.Ct. 1, 2-3, 70 L.Ed. 138 (1925) and <u>Mele v. Fitchburg Dist. Court</u>, 850 F.2d 817, 820 (1st Cir. 1988)). "Thus, a habeas petitioner bears a heavy burden to show that he fairly and recognizably presented to the state courts the factual and legal bases of his federal claim. To carry this burden, the petitioner must demonstrate that he tendered each claim 'in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'" <u>Id.</u>, at 261 (quoting <u>Scarpa v. Dubois</u>, 38 F.3d 1, 6 (1st Cir. 1994))(internal citations omitted).

Thus, a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedy with respect to each and every claim contained in the application. <u>Rose v. Lundy</u>, 455 U.S. 509, 518-19 (1982).

Having reviewed and fully considered ESTRADA's petition in light of these precepts, we find that petitioner has not exhausted all remedies available to him in the courts of Puerto Rico.

Despite petitioner's argument that he has exhausted available remedies, it is evident that petitioner has not fairly presented the federal claim raised in this petition to the courts of Puerto Rico and that he has further failed to avail himself of "any available procedure" to raise before the state court the federal claim of constitutional violation he now brings before us.

The appeal presented by petitioner before the Puerto Rico Circuit Court of Appeals cannot be used by petitioner to satisfy the burden of proving that his claim in the habeas petition has been fairly presented to the state court. His failure to appeal his conviction to the Supreme Court or to file post-conviction proceedings also militates against him under the principle of exhaustion, a principle that federal courts have enforced consistently and vigorously. See e.g., Rose, 455 U.S. at 518; Adelson, 131 F.3d at 261.

Accordingly, petitioner having failed to appeal his conviction to Puerto Rico's highest court, to present his biased jury claim in the appeal of his conviction and to avail himself of state post-conviction court proceedings available through Rule 192.1 Puerto Rico Rules Crim. P. 34 L.P.R.A. App.II (1983), we find we have no jurisdiction to entertain this habeas corpus petition and must therefore DISMISS the same for failure to exhaust state court remedies. See also Rodríguez v. Warden, Escuela Indus. de Mujeres, 791 F.Supp. 41, 42 (D.P.R. 1992)(federal habeas petitioner fails to exhaust all state court remedies when he fails to avail himself of state post-conviction court proceedings). Judgment shall be entered accordingly.

CIVIL NO. 96-2513 (RLA) Page 6

This Order shall be notified to petitioner EDWIN ESTRADA DELGADO via regular mail at Institución Regional de Bayamón, Sección 308, DIC-21C, P.O. Box 60307, Bayamón, P.R. 00960.[1]

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 15th day of October, 1999.

RAYMOND L. ACOSTA
United States District Judge

---

[1] Petitioner's Notice of Change of Address (**docket No. 16**, filed on April 7, 1999) is **NOTED**. Petitioner's Urgent Motion... (**docket No. 17**, filed April 7, 1999) is **MOOT**.

AO 72
(Rev 8/82)